CHRISTOPHER CASSIDY, JEANNE CASSIDY, and JAMES DWYER, Defendants Below, Appellants,
v.
E. I. du PONT de NEMOURS AND COMPANY, Plaintiff Below, Appellee.
No. 519, 2008
Supreme Court of Delaware.
Submitted: April 2, 2009
Decided: June 8, 2009
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 8th day of June 2009, the Court has considered the opening brief and the motion to affirm or, in the alternative, to dismiss the appeal, and it appears to the Court that:
(1) The pro se defendants/appellants, Christopher Cassidy, Jeanne Cassidy and James Dwyer (collectively "the appellants"), filed this appeal from the Superior Court's order of September 15, 2008 that granted summary judgment in favor of the plaintiff/appellee-E. I. du Pont de Nemours and Company (DuPont).[1] DuPont has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] Having agreed that the appeal is without merit, we do not address DuPont's motion to dismiss.
(2) In 1993, DuPont entered into a contract with J.C.D., Inc. (JCD), a business that was formed by appellants-Christopher Cassidy and James Dwyer. The contract authorized JCD to distribute DuPont refinishing products that JCD purchased on credit from DuPont. As part of the contract, the appellants entered into personal guaranties that promised to pay JCD's debts to DuPont.
(3) In October 2005, DuPont filed a complaint in the Superior Court against the appellants to recover $692,506.61 for unpaid refinishing products that JCD had ordered from DuPont. By order dated September 15, 2008, the Superior Court granted summary judgment in favor of DuPont.
(4) After a careful review of the record de novo, it is manifest to the Court that DuPont's motion to affirm should be granted.[3] Summary judgment is granted where, after viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] In this case, it is clear that there is no genuine issue of material fact regarding the appellants' liability. DuPont was entitled to judgment as a matter of law.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] In the same order, the Superior Court granted DuPont a default judgment against corporate defendants, J.C.D., Inc. and Terrels Pro Finishes, Inc.
[2] Del. Supr. Ct. R. 25(a).
[3] Sanders v. State Farm Mutual Automobile Ins. Co., 2004 WL 2921832 (Del. Supr.) (citing Stroud v. Grace, 606 A.2d 75, 81 (Del. 1992)).
[4] Del. Super. Ct. Civ. R. 56(c).